UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK ZAVISLAK,

            Plaintiff,

    v.

GOOGLE INC. WELFARE BENEFIT
PLAN,

            Defendants.

Case No. 14-cv-04802 NC

**ORDER GRANTING IN PART
PLAINTIFF'S REQUEST FOR
LIMITED DISCOVERY**

Re: Dkt. Nos. 22, 25

      Mark Zavislak brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1) to recover benefits due to him under the terms of the defendant Google Inc. Welfare Benefit Plan (the "Plan") and to clarify his right to future benefits under the terms of the Plan. *See generally* Dkt. No. 1. The parties have consented to the jurisdiction of a magistrate judge. Dkt. Nos. 8, 12. The issue before the Court is whether discovery should be permitted, and if so, the appropriate scope of such discovery. After considering the parties' written submissions and the arguments of counsel at the hearing, the Court GRANTS IN PART Zavislak's request for discovery.

## I. BACKGROUND

      The Plan at issue here is primarily self-funded by Google Inc. ("Google"). Dkt. Nos. 25; 26-1 at 3. Google is also the Plan's administrator. *Id.* Anthem Blue Cross Life and Health Company acts as a claims administrator and is granted discretion to administer the

Plan's claims and adjudicate any appeals from those claims.  Dkt. Nos. 25; 26 ¶ 2; 26-1 at 3; 28 ¶ 3.

The complaint alleges that, during the relevant time periods, Zavislak and his spouse were both Google employees who were participants in the self-funded portion of the Plan. Dkt. No. 1 ¶¶ 7, 9.  Zavislak and his spouse each paid premiums for family medical coverage.  *Id.* ¶ 9.  The Court will not summarize the details of the dispute in this case as they are not relevant to the discovery issue before it.  In short, the dispute concerns whether a single medical expense submitted to, and counted against the deductible of, Zavislak's high deductible health plan ("HDHP") as a primary claim may also be submitted to, and counted fully against the deductible of, Zavislak's spouse's HDHP as a secondary claim. *See id.* ¶¶ 11-18; Dkt. No. 25.  The complaint alleges that from 2013 until early 2014, Anthem allowed all such secondary claims.  Dkt. No. 1 ¶ 12.  Between March and May 2014, Anthem sometimes denied and other times allowed such claims before consistently denying them.  *Id.* ¶¶ 21-22.  In September, after Zavislak appealed the denial of his claims, Anthem retroactively denied claims it had earlier allowed.  *Id.* ¶ 25.

The complaint further alleges that Anthem's stated reason for denying the claims changed several times.  Anthem initially denied the claims "due to coordination of benefits."  *Id.* ¶ 19.  After Zavislak filed his appeal, Athem issued a final determination denying the appeal due to an unspecified "IRS regulation on Health Savings Accounts." *Id.* ¶ 26.  When Zavislak asked for a copy of that regulation, Anthem was unable to locate it and instead pointed him to irrelevant documents.  *Id.* ¶ 27-29.  When Zavislak insisted that he was entitled to the actual documents Anthem relied upon, Anthem amended its final appeal determination to cite to a number of IRS documents that, according to the complaint, either support Zavislak's position or are irrelevant.  *Id.* ¶¶ 30-32.

Zavislak seeks an order allowing him to conduct limited discovery "aimed at uncovering the impact of an apparent conflict of interest on the part of the Google Inc. Welfare Benefit Plan administrator."  Dkt. No. 22.  The Plan opposes the request.  Dkt. No. 25.  Both parties submitted briefs supported by declarations.  Dkt. Nos. 22, 25.  The briefs

1  assume for the purposes of the issue presented that the abuse of discretion standard applies.

2  **II. LEGAL STANDARD**

3  When a plan confers discretion on the administrator to determine eligibility for

4  benefits or to construe the terms of the plan, the Court applies abuse of discretion review.

5  *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006).  However, "if a

6  benefit plan gives discretion to an administrator or fiduciary who is operating under a

7  conflict of interest, that conflict must be weighed as a 'facto[r] in determining whether

8  there is an abuse of discretion.'"  *Id.* at 965 (quoting *Firestone Tire & Rubber Co. v. Bruch*,

9  489 U.S. 101, 115 (1989)).

10  The Ninth Circuit has held that an insurer that acts as both the plan administrator and

11  the funding source for benefits operates under a "structural conflict of interest."  *Id.* at 965.

12  This is so because, on the one hand, "such an administrator is responsible for administering

13  the plan so that those who deserve benefits receive them," while on the other, the

14  administrator "has an incentive to pay as little in benefits as possible to plan participants

15  because the less money the insurer pays out, the more money it retains in its own coffers."

16  *Id.* at 965-66.

17  The abuse of discretion review is "informed by the nature, extent, and effect on the

18  decision-making process of any conflict of interest that may appear in the record."  *Id.* at

19  967.  "This standard applies to the kind of inherent conflict that exists when a plan

20  administrator both administers the plan and funds it, as well as to other forms of conflict."

21  *Id.*  "The court may consider evidence beyond that contained in the administrative record

22  that was before the plan administrator, to determine whether a conflict of interest exists that

23  would affect the appropriate level of judicial scrutiny."  *Id.* at 970.  While the district court

24  may, in its discretion, consider extrinsic evidence "to decide the nature, extent, and effect

25  on the decision-making process of any conflict of interest," the decision on the merits

26  "must rest on the administrative record once the conflict (if any) has been established, by

27  extrinsic evidence or otherwise."  *Id.*

28  //

Case No. 14-cv-00584 NC
ORDER ON REQUEST                    3
FOR DISCOVERY

1

### III. DISCUSSION

2

**A.     Whether Discovery Should Be Allowed**

3
4
5
6
7
8

Zavislak argues that discovery should be permitted because the inconsistencies with the way his claims were handled indicate a conflict. Dkt. No. 22. However, a showing of inconsistencies or mistakes in the claims administration does not by itself demonstrate conflict. *See Conkright v. Frommert*, 559 U.S. 506, 509 (2010) (holding that honest mistake in ERISA plan interpretation does not justify stripping the plan administrator of deference for subsequent related interpretations of the plan).

9
10
11
12
13
14
15
16

Zavislak further contends that, because Google acts as both the Plan administrator and the funding source for benefits, there is a structural conflict of interest under *Abatie*. Dkt. No. 22. The Ninth Circuit in *Abatie*, 458 F.3d 955 did not address the specific situation such as the one presented here, where the plan administrator is the funding source but has delegated the claims administration function to a separate entity. Under the reasoning articulated in *Abatie*, however, the fact that a separate entity acted as a claims administrator does not necessarily mean the absence of conflict if the plan administrator and funding source influenced the rule that resulted in denial of benefits.

17
18
19
20
21
22
23
24
25
26
27
28

The case of *Brown v. United Healthcare Insurance Co*, No. 14-cv-0661 (S.D. Cal. Sep. 12, 2014), Dkt. No. 15, cited by Zavislak is closer to the facts of the present case. The court in *Brown* found that the plaintiff had "proffered potential inconsistencies with the way the claim was handled that compel the Court to exercise its discretion to allow limited discovery to permit a full examination of the impact the undisputed structural conflict of interest had on Defendants' claim handling decisions." *Id.* at 6. In *Brown*, Qualcomm was both the plan administrator and funding source of the plan at issue, while UnitedHealthcare acted as a third-party administrator of the plan and denied the plaintiff's claims. *Id.* at 1-2; *see also id.*, Dkt. No. 13 at 2. As the plan administrator, Qualcomm had the discretionary authority to interpret the plan, while the claims administrator, UnitedHealthcare was responsible for the day-to-day administration of the plan's coverage as directed by the plan administrator. *Id.*, Dkt. No. 13 at 23. The court noted that the presence of a structural

conflict of interest was "undisputed," as the record established that Qualcomm was both a funding source and administrator of the plan. *Id.*, Dkt. No. 15 at 5. In so concluding, the court did not address the role of UnitedHealthcare as the claims administrator.

The present case is similar to *Brown* in that the plan administrator is also the funding source while a separate entity handles claims administration. In addition, here Zavislak proffers three facts as evidence that the plan administrator, Google, may have influenced the denial of the claims at issue. First, Zavislak's declaration submitted in support of his discovery request states that he had a telephone conversation with Anthem's Account Executive for Google who revealed that the change in Zavislak's claims processing between 2013 and 2014 was due to a claims audit. Dkt. No. 22-1 ¶ 3.

Second, Zavislak's declaration summarizes a discussion with Google's U.S. Health Plan Program Manager who stated that Google does randomly audit certain claims. Dkt. No. 22-1 ¶ 2. According to Zavislak, the Google employee further stated that he planned to seek reimbursement from Anthem for amounts that he believed were incorrectly paid on Zavislak's claims in 2013. *Id.*; Dkt. No. 22.

Third, Zavislak relies on a document produced in discovery as part of Anthem's claim file. Dkt. No. 22-2. The document consists of internal email exchanges at Anthem discussing Zavislak's appeal of the denial of his claims. *Id.* As part of this exchange, Anthem's Managing Associate General Counsel noted that a decision favorable to Zavislak was an "option [that] increases the likelihood that Google will have to pay claims under the member's coverage under the wife's plan" and asked Anthem's Senior Associate General Counsel if she thinks that "because of that we'd need Google's consent before offering up that second option." *Id.* at 3. The document produced does not contain a response to that question. It is possible that such a response or further discussion on the subject might not have been memorialized in writing. While the Plan attempts to minimize the significance of this document, the fact is that an Anthem attorney considered it at least possible that Google's consent was required to apply a rule that would result in payment of claims. The Plan could have, but did not, submit a declaration explaining whether the attorney's inquiry

1  triggered any response or further discussion on the subject.

2      In opposition to the request for discovery, the Plan argues that no structural conflict

3  exists because the claims administrator, Anthem, determined on its own that Zavislak's

4  claims "failed to comply with the terms of the Plan and the [Internal Revenue] Code" and

5  so denied them without any interference from Google.  Dkt. No. 25.  In support for this

6  assertion, the Plan offers a declaration by Google's Health Care Delivery Manager stating

7  that the decision to "review and/or deny Plaintiff's claims during and after March 2014"

8  was entirely Anthem's and that Google was not "involved in Anthem's substantive

9  decision with respect to any claim or appeal of the Plaintiff's."  Dkt. No. 26 ¶¶ 4-5.  In

10 addition, a declaration by Anthem's Regional Vice President, National Account

11 Management vaguely states that "[a]t some point in 2014, it came to Anthem's attention

12 that plaintiff Mark Zavislak was not submitting claims in accordance with the applicable

13 law and Plan requirements."  Dkt. No. 28 ¶ 4.  The declaration further states that Anthem

14 acted pursuant to its discretion and did not take any direction from anyone else.  *Id.* ¶ 5.

15     The Court finds that the declarations submitted by the Plan are conclusory and

16 conspicuously fail to address the role that Google plays as the Plan administrator, whether

17 Google or Anthem has the responsibility for construing the terms of the plan and for

18 determining how the Plan should be administered to ensure compliance with the Internal

19 Revenue Code, and whether Google had any communications with Anthem about the rule

20 that was applied to deny Zavislak's claims.  If the entity that funds the plan, Google,

21 directed or influenced a rule that resulted in decreased payments by Google, that could

22 demonstrate a conflict despite the fact that another entity administered Zavislak's claims

23 and appeals.

24     The Plan does not cite to a controlling authority on point in support for its position.

25 The Plan relies on *Patrick v. Hewlett-Packard Co.*, No. 06-cv-1506 (S.D. Cal. Dec. 1,

26 2008), Dkt. No. 76, where the court overruled the plaintiff's objections to a magistrate

27 judge's order that denied discovery, finding no structural conflict of interest.  The court

28 held that, because defendant HP funded the plan, while the plan granted VPA discretionary

authority to determine the extent and amount of benefits, no structural or inherent conflict of interest existed. *Id.* at 9. Unlike this case, in *Patrick*, VPA not only was authorized to process claims, determine eligibility for and the amount of any benefits, and render decisions on appeals of denied claims, but also was "unambiguously granted the discretion to construe Plan language and make decisions on review on behalf of HP." *Id.*, Dkt. No. 66 at 15. Also unlike this case, the plaintiff in *Patrick* had not identified anything in the record that gave HP the right to make or influence claims decisions. *Id.*, Dkt. No. 76 at 5.

Similarly inapposite is *Riffey v. Hewlett-Packard Co. Disability Plan*, No. 05-cv-1331, 2007 WL 946200 (E.D. Cal. Mar. 27, 2007) which is cited by the Plan. *Riffey* also involved a self-funded plan by HP with VPA as the plan's claims administrator. *Id.* at *1. The claims administrator again had the discretionary power to construe the language of the plan. *Id.* at *10. The court in *Riffey* rejected the argument that a structural conflict of interest is transferred from the funding source of a plan to the claims administrator, where the administrator is not paid on the basis of claims denied. *Id.* at *11. By contrast in this case the Plan administrator is the funding source of the Plan, no evidence has been presented that the claims administrator had the discretion to construe the terms of the Plan, and there is some evidence that the Plan administrator may have influenced the rule applied by the claims administrator to deny Zavislak's claims.

For the same reason, the Plan's citation to *McClintic v. Zions Bancorporation*, No. 12-cv-128, 2013 WL 4950865 (D. Ariz. Sept. 13, 2013) is also not helpful. While the court there found no structural conflict of interest because the claims administrator of the plan was not the funding source for the plan benefits, there is no indication that the plan administrator was the funding source or that the plan administrator influenced the denial of benefits. *Id.* at *2. The court in *McClintic* also found no connection between the discovery requested by the plaintiff and the alleged conflict of interest.

In conclusion, the Court finds that Zavislak has made a sufficient showing of a possible conflict to justify discovery limited to whether and to what extent the Plan administrator, Google, participated in or influenced the formulation, adoption, or revision,

1  of the rule that resulted in the denial of Zavislak's claims.

2  **B.     The Appropriate Scope of Discovery**

3          The Court has reviewed the discovery requested by Zavislak which consists of four

4  document requests and seven interrogatories.  Dkt. No. 22 at 7-9.  The Court is mindful

5  that Congress sought "to create a system that is [not] so complex that administrative costs,

6  or litigation expenses, unduly discourage employers from offering [ERISA] plans in the

7  first place." *Conkright*, 559 U.S. at 517 (*Varity Corp. v. Howe*, 516 U.S. 489, 497 (1996)).

8  The Court finds that the requested discovery here is unduly broad.  *See e.g., id.* at 7 (RFP

9  No. 1 seeking "Any and all agreements or understandings between the plan administrator

10  and the claims administrator relating to the management and/or administration of the health

11  insurance plan at issue herein").  The Court finds that the following limited discovery is

12  appropriate based on the current record:

13          Document Requests:

14          1.      The agreement between Google and Anthem referenced in Dkt. No. 28 ¶ 10

15  (stating that "Anthem acted pursuant to a written agreement with Google").

16          2.      All documents that relate to the rule(s) that was used by Anthem to deny

17  Zavislak's claims.

18          Interrogatories:

19          1.      Describe in detail all communications between Google and Anthem relating to

20  the rule(s) that was used by Anthem to deny Zavislak's claims, including but not limited to

21  any communications on the subject raised by Anthem's Managing Associate General

22  Counsel in his email to Anthem's Senior Associate General Counsel at Dkt. No. 22-2 at 3.

23          2.      Describe in detail all communications between Google and Anthem relating to

24  Zavislak's claims and/or appeals.

25          IT IS SO ORDERED.

26          Date: February 27, 2015

27                                                              Nathanael M. Cousins
                                                                United States Magistrate Judge

28